# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| MARCUS DEEGAN,<br><br>        Plaintiff,<br><br>  v.<br><br>THE TJX COMPANIES INC., d/b/a T.J. MAXX,<br><br>        Defendant. | CIVIL ACTION NO.<br><br>REMOVED FROM THE SUPERIOR COURT OF CARROLL COUNTY, STATE OF NEW HAMPSHIRE<br>DOCKET NO. 212-2021-CV-00021 |

## THE TJX COMPANIES INC.'S NOTICE OF REMOVAL

Defendant The TJX Companies Inc., d/b/a T.J. MAXX ("TJX"), by and through its attorneys, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, files this Notice of Removal with respect to the above captioned case, which was filed and currently is pending in the Superior Court of Carroll County, State of New Hampshire, Docket No. 212-2021-CV-00021. In support of its Notice of Removal, TJX states as follows:

## BACKGROUND AND TIMELINESS

1. On or about February 12, 2021, Plaintiff Marcus Deegan ("Plaintiff") filed his Complaint in the Superior Court of Essex County, Commonwealth of Massachusetts, titled, *Marcus Deegan v. The TJX Companies Inc., d/b/a T.J. MAXX,* Docket No. 212-2021-CV-00021 (the "State Court Action").

2. TJX was served with process on February 25, 2021. A copy of all "summons, pleadings and orders" received by TJX in the state court action is attached as Exhibit A. *See* 28 U.S.C. § 1446(a).

1

3. Because TJX has filed this Notice of Removal within thirty days of receipt of the complaint, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-55 (1999).

**THE CASE IS REMOVABLE BASED ON FEDERAL QUESTION JURISDICTION**

4. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. In this case, the requirements of 28 U.S.C. § 1331(a) have been met because, Plaintiff alleges claims under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq*, ("ADA") and the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA").

6. Pursuant to 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7. Accordingly, because this action alleges violations of the ADA and the FLMA, Exhibit A, Complaint ¶¶ 44-55, 79-91, this action arises under federal law. 29 U.S.C. § 1132(a)(1)(B)). The Court thus has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. § 1441(a).

**VENUE AND NOTICE**

8. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 101, this Court embraces the Superior Court of Carroll County, State of New Hampshire. Accordingly, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

9. Prompt written notice of this Notice of Removal has been sent to Plaintiff through his counsel, and to the Clerk of Court for Carroll County, State of New Hampshire., as required by 28 U.S.C. § 1446(d). A copy of this notice is attached hereto as Exhibit B.

**CONCLUSION**

10. Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331; therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. §§ 1441(a).

11. TJX submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever (or that the damages he seeks may be properly sought).

12. Should Plaintiff seek to remand this case to state court, TJX respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, TJX respectfully requests that the Court retain jurisdiction and allow TJX to file a motion asking this Court to certify any remand order for interlocutory review by the First Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, Defendant the TJX Companies Inc., d/b/a T.J. MAXX requests that the above-described action pending against it be removed to the United States District Court for the District of New Hampshire. TJX also requests all other relief, at law or in equity, to which it justly is entitled.

Dated: March 26, 2021

Respectfully submitted,

DEFENDANT THE TJX COMPANIES INC., D/B/A T.J. MAXX.

By its Attorney,

/s/ *Hillary J. Massey*
Hillary J. Massey (N.H. 273617)
(Admission to District of New Hampshire pending)
hmassey@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
TEL: 617-946-4800
FAX: 617-946-4801

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2021, a true copy of DEFENDANT THE TJX COMPANIES INC., D/B/A T.J. MAXX'S NOTICE OF REMOVAL was filed through the Court's ECF system. Paper and electronic copies were also delivered to all counsel of record not current registered to receive ECF notices in this matter.

*/s/ Hillary J. Massey*
Hillary J. Massey