**Exhibit A**

# Exhibit A

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Carroll Superior Court
96 Water Village Rd., Box 3
Ossipee NH  03864

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION



Case Name:     **Marcus Deegan v The T J X Companies Inc.**
Case Number:   **212-2021-CV-00021**

Date Complaint Filed: February 12, 2021

A Complaint has been filed against The T J X Companies Inc. in this Court. A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| April 03, 2021 | Marcus Deegan shall have this Summons and the attached Complaint served upon The T J X Companies Inc. by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| April 24, 2021 | Marcus Deegan shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | The T J X Companies Inc. must electronically file an Appearance and Answer or other responsive pleading form with this Court.  A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**It is further ordered that plaintiff cause Human Rights Commission to transfer to the Superior Court a Certified copy of the Human Rights proceedings within 30 days of service. RSA 354-A:22,II (a).**

**Notice to The T J X Companies Inc.:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:

| | |
|---|---|
| Christopher T. Meier, ESQ | Cooper Cargill Chant PA 2935 White Mountain Highway North Conway NH  03860-5210 |
| The T J X Companies Inc. Human Rights, New Hampshire Commission | 770 Cochituate Road Framingham MA  01701 2 Industrial Park Drive Concord NH  03301 |

BY ORDER OF THE COURT

February 17, 2021

(126954)

Abigail Albee
Clerk of Court

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Carroll Superior Court
96 Water Village Rd., Box 3
Ossipee NH  03864

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name:     **Marcus Deegan v The T J X Companies Inc.**
Case Number:   **212-2021-CV-00021**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Carroll Superior Court.**  Review the Complaint to see the basis for the Plaintiff's claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer.  For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Complete the registration/log in process. Click Register and follow the prompts.

2. After you register, click Start Now.  Select **Carroll Superior Court** as the location.

3. Select "I am filing into an existing case".  Enter **212-2021-CV-00021** and click Next.

4. When you find the case, click on the link and follow the instructions on the screen.  On the "What would you like to file?" screen, select "File a Response to Civil Complaint".  Follow the instructions to complete your filing.

5. Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Complaint will want to be familiar with the Rules of the Superior Court, which are available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the summons, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

Filed
File Date: 2/12/2021 9:58 AM
Carroll Superior Court
E-Filed Document

THE STATE OF NEW HAMPSHIRE

CARROLL, ss.                                                    SUPERIOR COURT
                                                               Docket No. 212-2021-CV-00021

_____
          MARCUS DEEGAN
            Plaintiff,

              v.

     THE T J X COMPANIES INC.
        d/b/a T.J. MAXX,
           Defendant.
_____

## **COMPLAINT – JURY TRIAL DEMAND**

### INTRODUCTION

1. This is an action for, inter alia, disability discrimination in employment and failure to

   provide reasonable accommodation for disability, brought pursuant to the Americans

   with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA") and the New Hampshire Law

   against Discrimination, RSA 354-A ("NHLAD"), and for violations of the Family and

   Medical Leave Act, 29 U.S.C.  2601 et seq.

### PARTIES

2. The Plaintiff, Marcus Deegan ("Deegan" or "plaintiff"), is a natural person with a

   residential address of 3164 Antiqua Road, Lake Wales, Florida, 33859.

3. The Defendant, The T J X Companies Inc. d/b/a T.J. Maxx ("TJX" or "defendant"), is a

   Massachusetts corporation with a headquarters and principal place of business at 770

   Cochituate Road, Framingham, MA  01701.

### JURISDICTION AND VENUE

4. This Court has personal jurisdiction over the defendant as the defendant does substantial

business in New Hampshire, and operates a store in New Hampshire, which is the locus

of the facts and circumstances underlying plaintiff's complaint.

5.  Venue is proper in this Court as the plaintiff resided in North Conway, New Hampshire,

    and worked at the TJX both located in North Conway, Carroll County, New Hampshire at

    the time addressed in this Complaint.

<u>FACTS COMMON TO ALL COUNTS</u>

6.  On or about June 6, 2005, Deegan started work for TJX.

7.  In or around 2008, Deegan was promoted to Store Manager with TJX.

8.  From 2008 through 2012, Mr. Deegan was employed and worked at TJX's Gilford, NH

    store as a Store Manager.

9.  From 2012 through January 30, 2020 and his termination, Mr. Deegan was employed and

    worked at TJX's North Conway, NH store as a store manager.

10. During his tenure, the North Conway store won awards for best retailer.

11. During his tenure, Deegan was a good employee, and received positive reviews.

    Throughout Deegan's tenure at TJX, his work performance was ranked as excellent.

12. On September 23, 2019, Deegan suffered a heart attack.

13. On September 30, 2019, Deegan received and submitted a physician's note indicating

    that he could not return to work immediately due to the heart attack.

14. Deegan was enrolled in short term and long-term disability coverage and collected both

    during his disability leave of absence.

15. On October 31, 2019, his supervisor, District Manager June Ackley ("Ackley"), asked

    when he was returning to work, and Deegan indicated that he planned to return when his

    doctor gave him clearance.

2

16. In early January 2020, Ackley and Deegan discussed his return to work and planned for January 22, 2020.

17. On January 21, 2020, Deegan got a return to work notice from his doctor, clearing him for his return to work day on January 22, 2020 as planned, for 5-6 hours a day, then full time after a week.

18. On or about the same day, Ackley told Deegan she was on vacation, and that rather than reporting on January 22, to take the week off and report to work on January 27, 2020.

19. On January 27, 2020, Ackley summoned Deegan to meet offsite rather than reporting to the North Conway store.

20. At this meeting, Deegan provided the doctor's return to work note to Ackley.  Deegan was told to go home and wait for a call.

21. On January 30, 2020, Ackley and another TJX employee called Deegan and by telephone indicated that he was being terminated.

22. TJX also sent Deegan a termination notice via Federal Express.

23. Upon information and belief, TJX hired someone to permanently fill Mr. Deegan's position prior to his return.

24. Upon information and belief, TJX did not accommodate, or seek to accommodate Mr. Deegan's medical leave and keep his position open or find a comparable position for his return, despite the ability to do so.

25. Moreover, TJX took efforts to cover up its violations(s) outlined herein by creating a pretextual reason for the termination.

26. Through the filing of this Complaint, Deegan has sought, but has been unable to find, suitable and comparable employment.

3

27. At all times relevant, TJX had over 6 employees.

28. On or about June 4, 2020, Deegan, through counsel, filed a Charge of Discrimination
    concurrently with the New Hampshire Commission for Human Rights ("NHCHR") and
    the United States Equal Employment Opportunity Commission ("EEOC").

29. TJX did not file any response or appearance at all in the NHCHR proceeding.

30. On or about February 11, 2021, Deegan received a Notice of Right to Sue from the
    EEOC.

31. Based upon the request for and/or the granting of the Notice of Right to Sue, the NHCHR
    has closed its file in favor of this litigation.

## CAUSES OF ACTION

### Count I – Disability Discrimination in Employment in Violation of

### the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq.

32. Deegan repeats and realleges the previous paragraphs as if fully outlined herein.

33. Deegan had a very successful career before and with TJX as a retail manager.

34. During and following his heart attack on September 23, 2019, Deegan had a "disability"
    under the definition of the ADA, including without limitation that he had a physical
    condition that limited a major life activity.

35. At all times relevant, TJX knew of Deegan's disability.

36. Deegan was able to perform the essential job duties of his Store Manager position with
    and/or without accommodation.

37. TJX subjected Deegan to an adverse employment action, including without limitation by failing to hold his job or a similar job open for him upon return from his medical leave, and by terminating his employment.

38. Deegan's physical condition and/or disability was a substantial motivating reason for TJX's decision to subject Deegan to an adverse employment action.

39. TJX's actions and omissions, and each of them, were committed in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA").

40. TJX's violations of the ADA were willful and wanton.

41. TJX's actions and omissions, and their violations of the ADA, and each of them, were a substantial, direct, and proximate cause of damage and harm to Mr. Deegan.

42. Mr. Deegan has suffered, and continues to suffer damages substantially, directly, and proximately caused by the defendant's actions and their violations of the ADA.

43. Mr. Deegan is entitled to the rights and remedies at law provided by the ADA and any other applicable law, including without limitation an award and judgment as against the defendant TJX of actual damages, back pay, front pay, compensatory damages, non-pecuniary damages, punitive damages, and attorneys' fees and costs.

### Count II – Failure to Provide Reasonable Accommodation in Violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq.

44. Deegan repeats and realleges the previous paragraphs as if fully outlined herein.

45. During and following his heart attack on September 23, 2019, Deegan had a "disability" under the definition of the ADA, including without limitation that he had a physical condition that limited a major life activity.

46. At all times relevant, TJX knew of Deegan's disability.

5

47. Deegan was able to perform the essential job duties of his Store Manager position with and/or without accommodation.

48. TJX failed to provide Deegan a reasonable accommodation for his disability, including without limitation, failing to hold open his job or a similar job after he returned from leave, failing to accommodate his limited work schedule for a week, failing to provide appropriate medical leave and enabling him to return to work following the period of leave, and by terminating Deegan.

49. TJX would have suffered no undue hardship as the result of granting Deegan a reasonable accommodation for his disability.

50. TJX subjected Deegan to an adverse employment action, including without limitation by failing to provide Deegan with reasonable accommodation for his disability.

51. TJX's actions and omissions, and each of them, including without limitation failing to provide reasonable accommodation, were committed in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA").

52. TJX's violations of the ADA were willful and wanton.

53. TJX's actions and omissions, and their violations of the ADA, and each of them, including without limitation failure to provide a reasonable accommodation, were a substantial, direct, and proximate cause of damage and harm to Mr. Deegan.

54. Mr. Deegan has suffered, and continues to suffer damages substantially, directly, and proximately caused by the defendant's actions and their violations of the ADA.

55. Mr. Deegan is entitled to the rights and remedies at law provided by the ADA and any other applicable law, including without limitation an award and judgment as against the

defendant TJX of actual damages, back pay, front pay, compensatory damages, non-pecuniary damages, punitive damages, and attorneys' fees and costs.

## Count III – Disability Discrimination in Employment in Violation of the New Hampshire Law against Discrimination, RSA 354-A:1 et seq.

56. Deegan repeats and realleges the previous paragraphs as if fully outlined herein.

57. During and following his heart attack on September 23, 2019, Deegan had a "disability" under the definition of the New Hampshire Law against Discrimination, RSA 354-A ("NHLAD"), including without limitation that he had a physical condition that limited a major life activity.

58. At all times relevant, TJX knew of Deegan's disability.

59. Deegan was able to perform the essential job duties of his Store Manager position with and/or without accommodation.

60. TJX subjected Deegan to an adverse employment action, including without limitation by failing to hold his job or a similar job open for him upon return from his medical leave, and by terminating his employment.

61. Deegan's physical condition and/or disability was a substantial motivating reason for TJX's decision to subject Deegan to an adverse employment action.

62. TJX's actions and omissions, and each of them, were committed in violation of the NHLAD, including without limitation RSA 354-A:7, I.

63. Defendant's violation of the NHLAD was willful and wanton.

64. TJX's actions and omissions, and their violations of the NHLAD, and each of them, were a substantial, direct, and proximate cause of damage and harm to Mr. Deegan.

65. Mr. Deegan has suffered, and continues to suffer damages substantially, directly, and proximately caused by the defendant's actions and their violations of the NHLAD.

66. Mr. Deegan is entitled to the rights and remedies at law provided by the NHLAD and any other applicable law, including without limitation an award and judgment as against the defendant TJX of actual damages, back pay, front pay, compensatory damages, non-pecuniary damages, punitive damages, enhanced compensatory damages, and attorneys' fees and costs.

**<u>Count IV – Failure to Provide Reasonable Accommodation in Violation of the New Hampshire Law against Discrimination, RSA 354-A:1 et seq.</u>**

67. Deegan repeats and realleges the previous paragraphs as if fully outlined herein.

68. During and following his heart attack on September 23, 2019, Deegan had a "disability" under the definition of the NHLAD, including without limitation that he had a physical condition that limited a major life activity.

69. At all times relevant, TJX knew of Deegan's disability.

70. Deegan was able to perform the essential job duties of his Store Manager position with and/or without accommodation.

71. TJX failed to provide Deegan a reasonable accommodation for his disability, including without limitation, failing to hold open his job or a similar job after he returned from leave, failing to accommodate his limited work schedule for a week, failing to provide appropriate medical leave and enabling him to return to work following the period of leave, and by terminating Deegan.

72. TJX would have suffered no undue hardship as the result of granting Deegan a reasonable accommodation for his disability.

73. TJX subjected Deegan to an adverse employment action, including without limitation by failing to provide Deegan with reasonable accommodation for his disability.

74. TJX's actions and omissions, and each of them, including without limitation failing to provide reasonable accommodation, were committed in violation of the NHLAD, including without limitation RSA 354-A:7, VII.

75. TJX's violations of the NHLAD were willful and wanton.

76. TJX's actions and omissions, and their violations of the NHLAD, and each of them, including without limitation failure to provide a reasonable accommodation, were a substantial, direct, and proximate cause of damage and harm to Mr. Deegan.

77. Mr. Deegan has suffered, and continues to suffer damages substantially, directly, and proximately caused by the defendant's actions and their violations of the NHLAD.

78. Mr. Deegan is entitled to the rights and remedies at law provided by the NHLAD and any other applicable law, including without limitation an award and judgment as against the defendant TJX of actual damages, back pay, front pay, compensatory damages, non-pecuniary damages, punitive damages, enhanced compensatory damages, and attorneys' fees and costs.

**<u>Count V – Violation of the Family and Medical Leave Act, 29 U.S.C. §2601 et seq.</u>**

79. Deegan repeats and realleges the previous paragraphs as if fully outlined herein.

80. Deegan was eligible for the protection of the Family and Medical Leave Act, 29 U.S.C. 2601 et seq. ("FMLA") because he had worked for the Defendant for at least a year and had worked in excess of 1,250 hours during the preeding twelve (12) months, and worked for TJX at a location where 50 or more employees work at that location or within 75 miles of it.

81. The Defendant was at all relevant times a covered employer under the FMLA.

82. Deegan was entitled to leave under the FMLA because he had a serious health condition.

83. Deegan went on medical leave from work on September 23, 2019, and was on leave through his planned return to work on January 22, 2020, all related to his heart attack, which was an FMLA-qualifying reason.

84. The first two components of such leave, which lasted through at least December 16, 2019, were paid time off and short-term disability, which Deegan did not agree to designate as, and in fact were not designated as, FMLA leave.

85. Upon information and belief, TJX did not timely notify Deegan that it was designating his leave, or any of it, as FMLA leave, and TJX did not, in fact, designate Deegan's leave as FMLA leave.

86. To the extent that TJX seeks to retroactively designate any part of Deegan's leave as FMLA leave, including without limitation the PTO and/or short term disability components of his leave which were not FMLA designated leave, Deegan would suffer harm or injury as a result of TJX's failure to timely designate such leave.

87. Under the FMLA, upon his return to work on January 22, 2020, Deegan was entitled to be restored to his position as Store Manager, or an equivalent position with equivalent employment benefits, pa, and other terms and conditions of employment.

88. TJX's failure to restore Deegan to such a position upon his return to work violated the FMLA, and specifically 29 U.S.C. § 2614 (a).

89. Instead, Deegan was terminated upon his return to work, which termination was in retaliation for, interference with, and in discrimination of, Mr. Deegan's exercise of his

rights, opposition of practices allowed under the FMLA, and his taking of medical leave, also all in direct violation of the FMLA, and specifically 29 U.S.C. § 2615 (a).

90. As a direct and proximate result of the Defendant's violation of the provisions of the FMLA, Deegan has suffered and continues to suffer damages.

91. Mr. Deegan is entitled to the rights and remedies at law provided by the FMLA and any other applicable law, including without limitation an award and judgment as against the defendant TJX of actual damages, back pay, front pay, compensatory damages, non-pecuniary damages, interest, multiple and liquidated damages, punitive damages, enhanced compensatory damages, and attorneys' fees and costs. including but not limited compensation lost by Deegan as a result of the Defendant's interference, interest of such amount, liquidated damages in an addition amount equal to the sum of the actual damages and the interest, plus attorney's fees and costs.

## **DEMAND FOR RELIEF**

WHEREFORE, the Plaintiff Marcus Deegan respectfully prays this Honorable Court schedule this matter for trial by jury, and after trial:

A. Find and enter judgment for the plaintiff and as against defendant on all Counts of this Complaint;

B. Award the Plaintiff his damages, including without limitation actual damages, back pay, front pay, compensatory damages, non-pecuniary damages, punitive damages, and enhanced compensatory damages;

C. Award the Plaintiff his reasonable attorney's fees and costs; and

D. Grant such other further relief as is just and equitable.

11

## <u>DEMAND FOR JURY TRIAL</u>

The Plaintiff respectfully requests a trial by jury on all counts and issues so triable.

Respectfully submitted,
The Plaintiff,
MARCUS DEEGAN,
By his attorneys,

COOPER CARGILL CHANT, P.A.

02/12/2021                         /s/ Christopher T. Meier
Dated: _____   By: _____
Christopher Meier, Bar ID # 17135
2935 White Mountain Highway
North Conway, New Hampshire 03860
Tel:     (603) 356-5439
Fax:     (603) 356-7975
Email: cmeier@coopercargillchant.com

Y:\CLIENT FILES\21405 - Deegan\,000 Employment Matter v. TJX Company\Pleadings-Carroll Superior\2020.05.06 Complaint.docx

THE STATE OF NEW HAMPSHIRE

LEGAL

MAR 1 1 2021

CARROLL, ss.

SUPERIOR COURT
Docket No. 212-2021-cv-00021

---

MARCUS DEEGAN
Plaintiff,

v.

THE T J X COMPANIES INC.
d/b/a T.J. MAXX,
Defendant.

---

## MOTION TO VACATE REQUIREMENT ON SUMMONS REGARDING CERTIFIED COPY OF HUMAN RIGHTS PROCEEDINGS

NOW COMES the Plaintiff, Marcus Deegan, by and through his attorney, Cooper Cargill Chant, PA, and files this Motion to Vacate Requirement on Summons Regarding Certified Copy of Human Rights Proceedings, and in support thereof states as follows:

1.  On or about June 8, 2020, the Plaintiff filed a Charge of Discrimination ("Charge") with the New Hampshire Commission for Human Rights ("NHCHR").

2.  On February 12, 2021, 180 days having lapsed from the filing of the Charge, and without any substantive proceedings having occurred before the NHCHR, the Plaintiff filed his Complaint against the Defendant which is a complaint on the merits of the alleged discrimination asserted therein, pursuant to RSA 354-A:21-a (Choice of Forum).

3.  On February 17, 2021 the Court issued a Summons in a Civil Action, which "further ordered the Plaintiff [to] cause Human Rights Commission to transfer to the Superior Court a Certified copy of the Human Rights proceedings within 30 days of service. RSA 354-A:22, II (a)".

4.  First, it appears that there is a typographical error in the Summons, as RSA 354-A:22, II
    (a) does not exist.

5.  Presuming therefore that this is a reference to RSA 354-A:21, II, this statutory section is
    not relevant to the current action.

6.  Notably, this matter is a RSA 354-A:21-a (Choice of Forum) original complaint, not a
    RSA 354-A:21, II (a) appeal.  There were no proceedings at the NHCHR of which a
    certified record would be generated – Plaintiff chose the Superior Court venue prior to
    any substantive NHCHR proceedings (and therefore any probable cause finding).

7.  The Defendant has not appeared to date to request an assent to this motion.

WHEREFORE Plaintiff respectfully requests this Honorable Court:

A.  Vacate that part of the Summons in a Civil Action requiring the Plaintiff to cause the
    Human Rights Commission to transfer a certified copy of the Human Rights
    proceedings to the Superior Court; and

B.  Grant such other further relief as this Court deems just and proper.

                                    Respectfully submitted,
                                    The Plaintiff,
                                    MARCUS DEEGAN,
                                    By his attorneys,

                                    COOPER CARGILL CHANT, P.A.

                                    /s/ Christopher T. Meier

Dated: March 5, 2021          By: _____
                                    Christopher Meier, Bar ID # 17135
                                    2935 White Mountain Highway
                                    North Conway, New Hampshire 03860
                                    Tel:   (603) 356-5439
                                    Fax:   (603) 356-7975
                                    Email: cmeier@coopercargillchant.com

2

## <u>CERTIFICATE OF SERVICE</u>

I, Christopher T. Meier, hereby certify that on the date shown, I delivered the foregoing document to all parties and counsel of record by first-class mail, postage pre-paid, or by e-mail or electronic filing as allowed by Rule.

Dated: March 5, 2021

/s/ Christopher T. Meier

_____

Christopher T. Meier, Bar ID #17135

Y:\CLIENT FILES\21405 - Deegan\.000 Employment Matter v. TJX Company\Pleadings-Carroll Superior\2021.03.05 Motion to Vacate Certified Copy of HR Proceedings with Cert of Service.docx

3